The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for modification of Findings of Fact 11 and the Conclusions of Law and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. An employer-employee relationship existed between the plaintiff and employer defendant from 1990 until the 18th of October, 1991.
3. That Maryland Casualty Company was the compensation carrier on the risk.
4. All parties have been correctly designated, and there is no question as to misjoinder or non joinder of parties.
5. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
6. The parties filed at the hearing a Pre-Trial Agreement with stipulated medical records and exhibits, which are hereby incorporated by reference as if fully set forth herein.
7. Plaintiff's average weekly wage was Three Hundred Twenty Eight Dollars ($328.00), and her compensation rate was Two Hundred Eighteen Dollars and Sixty-Seven Cents ($218.67).
8. The Plaintiff also submitted answers to interrogatories which are hereby incorporated.
9. That Dr. Donald Campbell, and Dr. John DePerczel of Catawba Bone and Joint Clinic were the primary treating physicians for the Plaintiff's injury.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff worked for Beyers Engineering as an underground utility locator.
2. While attempting to lift a manhole cover on or about the 15th day of October, 1991, plaintiff slipped and fell, injuring her lower back. The manhole cover was stuck and could not be moved even with great exertion by the plaintiff with help from another employee.
3. Plaintiff reported her injuries to her supervisor, Darty McGuire, as well as to (2) other fellow employees.
4. On or about the 18th of October, 1991, The Plaintiff was terminated from her employment, allegedly for violating company policies of which she had no knowledge.
5. Plaintiff's condition worsened over the next weeks, and plaintiff sought treatment for her injuries by first presenting herself to Dr. Alan Forshey, on the 19th day of December, 1991. Dr. Forshey diagnosed a possible herniated disc and referred the plaintiff to Dr. Campbell.
6. Plaintiff was seen by Dr. Campbell on or about the 17th day of January, 1992 and was diagnosed with a herniated disc on the right L5-S1. Dr. Campbell indicated the plaintiff's past history was non-contributory other than the report of an injury for lifting a manhole cover. Plaintiff was advised that she required surgical intervention after spinal steroid treatments were unsuccessful.
7. In February, 1992, plaintiff was admitted to Catawba Memorial Hospital under the care of Dr. John DePerczell for a laminectomy of HNP lumbar.
8. As a result of the accident and surgery, plaintiff sustained a 10% permanent functional impairment of her back.
9. As a result of the compensable accident, plaintiff was unable to work from the December 19, 1991, until late April, 1992, which is presumed to be April 23, 1992, at which time she returned to work at Starstedt. The plaintiff has been working continually since June 22, 1992 at Siecor Specialty Plant.
10. Beginning in January, 1992, plaintiff requested and received unemployment compensation benefits of seventeen (17) weeks.
11. Plaintiff's supervisors had knowledge of the incident which occurred on or about October 15, 1991, since she reported it orally. Plaintiff had reasonable excuse for not giving written notice to defendant-employer within 30 days of the injury, and defendant-employer was not prejudiced by her failure to give written notice.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about the October 15, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. As a result of the compensable injury by accident, plaintiff was disabled from work and is entitled to receive compensation for temporary total disability at the rate of $218.67 per week for the period from December 19, 1991, when she first received medical treatment for a herniated disc, through April 23, 1992, at which time she returned to full time employment. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to receive compensation at the rate of $218.67 per week for 30 weeks beginning April 24, 1992, for the 10% permanent partial impairment she sustained to her back as a result of the compensable injury by accident. N.C. Gen. Stat. § 97-31 (23).
4. Plaintiff is entitled to payment of all medical expenses by defendant-employer as a result of her compensable injury on October 15, 1991, for so long as such examinations evaluations and treatments may reasonably be required to effect a cure or give relief and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
5. Defendant is entitled to a credit for the unemployment benefits which plaintiff received for seventeen weeks. N.C. Gen. Stat. § 97-42.1.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant-employer shall pay plaintiff temporary total disability compensation at the rate of $218.67 per week from the period from December 19, 1991 through April 23, 1992. This compensation has accrued and shall be paid in a lump sum, subject to the attorney's fee approved below and a credit for the unemployment benefits plaintiff received.
2. Defendant-employer shall pay compensation to plaintiff at the rate of $218.67 per week for 30 weeks beginning April 24, 1992, for the 10% permanent partial impairment she sustained to her back as a result of the compensable injury by accident. This compensation has accrued and shall be paid in a lump sum, subject to an attorney's fee approved below and a credit for the unemployment benefits paid plaintiff.
3. Defendant-employer shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury on October 15, 1991, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted using the procedures of the Industrial Commission.
4. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff in Paragraphs 1 and 2 of this Award is approved for plaintiff's counsel and shall be paid by deducting twenty-five percent from the lump sum due plaintiff and forwarding this amount to plaintiff's counsel.
5. Defendant-employer shall pay the costs.
 S/ __________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ DOUGLAS BERGER DEPUTY COMMISSIONER
LKM/bjp